## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ALBERT HUEY (#128815)                                     CIVIL ACTION

VERSUS

JASON KENT, ET AL.                                        NO. 18-112-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 19, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT HUEY (#128815)                           CIVIL ACTION

VERSUS

JASON KENT, ET AL.                              NO. 18-112-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Albert Huey, challenges his conviction and sentence, entered in 2012 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery. The petitioner contends that missing portions of the transcript violated his right to due process because he lacked the opportunity for meaningful appellate review.

**Factual Background**

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal (*State v. Huey,* 13-1227 (La. App. 1 Cir. 2/18/14), 142 So.3d 27), are as follows: On the evening of November 20, 2010, Jennifer Moore went to Macknell Christopher's trailer on 68th Avenue in Scotlandville (Baton Rouge). Moore, who knew Christopher, asked if he could loan her some money. Christopher gave her $5.00. Moore said she was going to the store, then left the trailer. About fifteen minutes later, Moore returned to the trailer with the petitioner, whom Christopher did not know. Moore asked Christopher for more money. Christopher surmised that when Moore left with the $5.00, she would soon return asking for more money. Thus, he hid his money in his sock and told Moore he had no more money when she returned asking for more. Apparently not believing Christopher, Moore began searching his pockets for

money. As Christopher began struggling to keep Moore's hands off of him, the petitioner approached and told Christopher that if he had something to give it to Moore. The petitioner then lifted his shirt to reveal a knife handle protruding from his waistband. Christopher gave Moore $155.00 from his sock. Moore and the petitioner began arguing over the money, and the petitioner took the money from her. The petitioner and Moore left the trailer. Moore had also taken Christopher's cell phone. Thereafter, Christopher drove to the fourth district police station to file a complaint. During the course of their investigation, the police interviewed Moore, who directed them to the petitioner's house. Both the petitioner and Moore lived only a few blocks from Christopher.

## Procedural History

After a trial by jury conducted in November of 2011, the petitioner was found guilty of armed robbery. The petitioner was sentenced on March 2, 2012, to 30 years imprisonment without the benefit of probation, parole or suspension of sentence. The petitioner thereafter filed an out of time appeal.

On February 18, 2014, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit. *See State v. Huey,* 13-1227 (La. App. 1 Cir. 2/18/14), 142 So.3d 27. The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on October 3, 2014. *See State v. Huey,* 14-535 (La. 10/3/14), 149 So.3d 795. On March 2, 2015, the petitioner's petition for writ of certiorari was denied by the Supreme Court of the United States. *See Huey v. Louisiana*, 135 S.Ct. 1507 (2015).

On or about April 2, 2015, the petitioner filed an application for post-conviction relief in the state district court, which was dismissed by the trial court on February 26, 2016. The plaintiff sought further review in the appellate courts which was denied on November 13, 2017.

*See State ex rel. Huey v. State*, 16-0803 (La. 11/13/17), 229 So.3d 918. On or about November 28, 2017, the petitioner filed the instant application for habeas corpus relief in this Court.

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id. See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.

## Substantive Review

### *Incomplete Trial Transcript*

The petitioner alleges that his right to due process was violated when the trial transcript sent to his appellate counsel was incomplete. Specifically, the petitioner complains that the trial judge's reading of "faulty jury instructions" was not transcribed and provided to his appellate counsel who was not his trial counsel.

As summarized by the Court in *Higginbotham v. Louisiana*, 817 F.3d 217, 222 (5th Cir. 2016), the pertinent law with regards to trial transcripts is as follows: "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi,* 410 U.S. 284, 294 (1973). Accordingly, "if a State has created appellate courts as 'an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant,' the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey,* 469 U.S. 387, 393 (1985) (alteration in original) (citation omitted) (quoting *Griffin v. Illinois,* 351 U.S. 12, 18 (1956)). However, "a complete verbatim transcript" is not always required to ensure that a defendant's right to meaningful appellate review is satisfied. *See Moore v. Wainwright,* 633 F.2d 406, 408 (5th Cir. 1980) ("[T]he state is not obligated to automatically supply a complete verbatim transcript."). Accordingly, the record is "adequate for full appellate review" so long as it contains the portions necessary to address the alleged errors below. *Schwander v. Blackburn,* 750 F.2d 494, 497–98 (5th Cir. 1985) (quoting *State v. Francis,* 345 So.2d 1120, 1125 (La.1977)). Moreover, claims based on incomplete transcripts must show that

"the absence of such a transcript prejudiced [the defendant's] appeal." *Mullen v. Blackburn,* 808 F.2d 1143, 1146 (5th Cir. 1987).

In the instant matter, the plaintiff cannot show the required prejudice. As noted by the Commissioner when reviewing the petitioner's application for post-conviction relief, the parties' requests for jury instructions were combined and were made part of the appellate record. Both sides were given a copy of the jury instructions to review, and the petitioner's trial counsel did not object to these instructions that were later read to the jury. Due to the lack of a contemporaneous objection, no alleged errors regarding the jury instructions were preserved for appeal; therefore, the portions of the record pertaining to the jury instructions were not transcribed. As such, appellate counsel either reviewed the requested instructions that were made part of the appellate record and decided that there was no error therein, or concluded that any error therein was not preserved for appeal due to a lack of a contemporaneous objection.

Additionally, as noted by the appellate court, the testimony at trial clearly indicated that an armed robbery took place. The petitioner, acting in concert with Moore, through intimidation, took Christopher's money. As such, it is unlikely that the guilty verdict was attributable to any alleged "faulty jury instructions." Accordingly, the petitioner was not prejudiced by the complained of omission from the trial transcript and his claim is without merit.

## Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed with prejudice.  It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 19, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**